NEW HOME SEWING MACHINE COMPANY V. ADONIRAM J. BEALS.

FILED APRIL 16, 1895. No. 6153.

Attachment: LIEN OF LEVY: PURCHASE MONEY NOTES. The levy of a writ of attachment creates a priority over rights reserved or created by conditions contained in unrecorded notes given by the attachment debtor for the purchase price of the personal property levied upon.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J.

*F. B. Donisthorpe,* for plaintiff in error.

*Charles H. Sloan, contra.*

RYAN, C.

This action was brought to recover fifty dollars, the alleged value of a Prescott organ. There was a verdict and judgment in favor of the defendant. The defendant, by

virtue of a writ of attachment in his hands against George W. Chapman, as a constable of Fillmore county, levied upon the above described organ, which he afterwards sold under authority of an execution issued in the same cause as that wherein the levy of the above writ of attachment had been made.   It, was a disputed fact whether or not the organ, when taken under the writ of attachment, was locked in a room wherein it had been left by George W. Chapman when in the night-time he rather suddenly left Geneva. On behalf of the plaintiff it was testified that the musical instrument in question had been left locked in the room of which the key was given 'to his cousin, J. W. Kennedy; that George W. had instructed this cousin, a drayman at Geneva, to deliver the organ to Mr. Daley, the resident agent for the plaintiff, but that, being delayed by other matters, this request was not at once complied with, and meanwhile that the levy complained of had been accomplished, the required entrance therefor having been forcibly made.   On the part of the defendant the evidence was that the organ was left in the room by Chapman; that there was no door locked, though there were several through either of which an entrance could be effected; that under these circumstances the levy of the writ of attachment was made.   It was testified by two witnesses, without contradiction, that after the levy Mr. Kennedy came after certain articles left by Mr. Chapman in the room where the organ was, and his attention being called to the organ, that he disclaimed having any directions with regard to it.   Afterwards there was served upon the defendant a notice that the plaintiff was the owner of the organ upon which the writ of attachment had been levied. Since the above disputed questions of fact were settled by the jury in favor of the defendant, there remains but one phase of the case for consideration.

The plaintiff was the assignee of two notes made by Chapman to E. H. Daley, its agent, and claims that by

56

virtue of the terms of said notes it was entitled to the organ or to its value. These notes, on which there was due $5 per month, were given for the organ, and each contained the following provisions immediately following the dates whereon the respective five-dollar payments should become due, to-wit: "For value received, I, or we, the undersigned, do hereby sell and mortgage unto the payee hereof one Prescott organ, No. ——, now in my possession, provided that if the undersigned shall pay the said debt, then this mortgage shall be void. In case of default, I, or we, authorize the said mortgagee to seize and sell said property and pay said debt with expenses incurred; or if the said mortgagee shall at any time feel unsafe or insecure, then he may seize and sell the property." It was admitted in open court that the notes which contained the above provisions were never filed for record. The district court very properly instructed, under these circumstances, that the levy of the writ of attachment was entitled to priority over rights reserved or created by the above conditions. The judgment of the district court is

AFFIRMED.